**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| **for the use and benefit of** ) | |
| **WINDOW SPECIALISTS, INC.** ) | |
| ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| **v.** ) | **1:11-cv-01610-RMC** |
| ) | |
| **FORNEY ENTERPRISES, INC.,** *et al*. ) | |
| ) | |
| **Defendant** ) | |
| ) | |

**FORNEY ENTERPRISES, INC.'S MEMORANDUM IN**
**OPPOSITION TO PLAINTIFF/COUNTER-DEFENDANT**
**WINDOW SPECIALISTS, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56, Defendant/Counter-Plaintiff Forney Enterprises, Inc.

("FEI") hereby submits its Memorandum in Opposition to Plaintiff/Counter-Defendant Window

Specialists, Inc.'s ("WSI") Motion for Partial Summary Judgment.  As set forth below, WSI is

not entitled to judgment as a matter of law on any of the matters before the Court in the present

motion.

**I.      INTRODUCTION**

FEI was a subcontractor to IIU Consulting Institute, Inc. ("IIU"), who was the prime

contractor on a project with the U.S. Government (the "Government") to replace doors and

windows on certain buildings at Fort McNair in Washington, DC (the "Project").  FEI entered

into a subcontract (the "Subcontract") with WSI for WSI to perform work to complete FEI's

scope of work under its subcontract with IIU.  This is a dispute between FEI and WSI – IIU is

not a party to this litigation.

From the beginning, there were significant problems with WSI's work, including WSI improperly measuring and installing the windows on the Project.  As a result of these problems, which were caused directly by WSI's deficient work, the Government issued IIU a 10-day Cure Notice.  IIU provided this notice to FEI who then provided it to WSI.  Despite being given a cure period, WSI could not and did not correct the significant deficiencies in its work.  As a result, IIU terminated FEI.  In turn, FEI terminated WSI for default.

At the time of termination, WSI had installed only 100 of 684 windows within its scope, only one of which was functional.  In addition, WSI had installed 66 doors, all of which were improperly installed.  As a result of WSI's incorrect measurements and improper installation, all of the windows and doors installed by WSI on the Project had to be removed, re-ordered and the work re-performed.  In addition, all doors and windows on site that had not been installed were found to have been incorrectly measured and therefore, were required to be replaced.  FEI and in turn, WSI were not paid due to WSI's significant deficiencies and the costs associated with reprocuring, completing and correcting WSI's work.

WSI initiated the present action against, *inter alia*, FEI, IIU and IIU's payment bond surety, Hanover Insurance Company ("Hanover").  WSI subsequently voluntarily dismissed IIU from the litigation.  WSI's remaining claims include those for breach of contract and unjust enrichment against FEI, and a claim against Hanover on the payment bond.  WSI seeks payment for the work it allegedly performed on the Project prior to termination.  Despite WSI's extensive recitation of facts and issues related to IIU's alleged actions and inactions, IIU is not a party to this litigation.

FEI filed an Amended Counterclaim against WSI for breach of contract and indemnification.  FEI sought damages in the form of its lost profits suffered as a result of being

terminated by IIU for WSI's deficient work.   In addition, FEI seeks indemnity from WSI for costs IIU holds FEI responsible for, including the costs to reprocure, correct and complete WSI's work on the Project.   FEI and IIU reached a settlement agreement regarding these damages and FEI is pursuing such damages against WSI in this litigation.

WSI filed the present motion for partial summary judgment seeking judgment as a matter of law against FEI on two counts of FEI's Amended Counterclaim and generally on its claims against FEI in WSI's Complaint.   However, WSI's motion fails substantively and procedurally under District of Columbia law because WSI has failed to meet its burden to demonstrate there are no material facts in dispute that would entitle it to judgment as a matter of law.   In fact, as demonstrated below, there are significant material facts in dispute, and WSI is not entitled to judgment as a matter of law on any of the matters before the Court in the present motion. Accordingly, WSI's motion for partial summary judgment fails and should be denied in its entirety.

## II.   FEI'S STATEMENT OF MATERIAL FACTS TO WHICH THERE IS NO GENUINE ISSUE

1.      IIU entered into the Subcontract with FEI to provide labor, supervision and materials associated with the supply and installation of windows and doors on the Project.    IIU did not enter into a contract with WSI.  Exhibit 1, Affidavit of Frank Ukoh (hereinafter "Ukoh Aff.") ¶ 3; Exhibit 2, Affidavit of Keith Forney (hereinafter "Forney Aff.") ¶ 2.

2.      As is typical with contracts related to construction projects, FEI intended to subcontract much of its scope of work under its subcontract with IIU.  FEI subsequently entered into the Subcontract with WSI to provide the labor, supervision and materials associated with the supply and installation of the windows and doors on the Project.   FEI's intent was to provide

administrative oversight on the Project as WSI completed the Subcontract work.  Exhibit 2, Forney Aff. ¶ 3.

3.      From the commencement of WSI's work on the Project, there were significant problems with WSI's work.  These problems included windows not being measured and verified for proper sizing, poor installation and undersized sashes on windows and windows being installed but left unfinished.  Exhibit 2, Forney Aff. ¶ 6; Exhibit 1, Ukoh Aff. ¶ 7.

4.      Due to issues with WSI's work, the Government provided IIU with a 10-day Cure Notice on the Project.  The Government's Cure Notice identified defective work performed by WSI, including: (1) windows which were not measured and verified for proper sizing, creating situations where ill-fitting and improperly functioning windows were installed; (2) poor installation and undersized sash on windows; and (3) new window units which were installed but left unfinished, which allowed drafts and insects to enter.  The Government advised that if these conditions were not cured within 10 days, IIU's contract with the Government would be subject to termination for default.  The majority of the issues identified in the Government's Cure Notice had to do with WSI's poor workmanship.  Exhibit 2, Forney Aff. ¶ 7; Exhibit 1, Ukoh Aff. ¶ 8.

5.      Due to WSI's continued inability and failure to correct its defective installations and failure to comply with its contractual obligations within the cure period, IIU decided to terminate FEI and make other arrangements for the performance of WSI's scope of work.  Exhibit 2, Forney Aff. ¶¶ 9-13; Exhibit 1, Ukoh Aff. ¶¶ 11-13, 15-16.

6.      FEI subsequently terminated WSI for default.   Exhibit 2, Forney Aff. ¶¶  13-15.

7.      At the time FEI and WSI were terminated, WSI had installed only 100 windows, of which only <u>one</u> was functional and 66 doors, all of which were improperly installed.  Exhibit 1, Ukoh Aff. ¶¶ 17-18.

8.      As a result of WSI's incorrect measurements and improper installation, all windows for the Project had to be re-ordered, and all window installation performed by WSI had to be demolished and re-performed.  Exhibit 1, Ukoh Aff. ¶ 20.

9.      As a result of WSI's incorrect measurements, none of the doors purchased by WSI could be used on the Project and had to be re-ordered.  Exhibit 1, Ukoh Aff. ¶ 21.

10.      As a result of the deficiencies in WSI's work that ultimately led to FEI and WSI's termination on the Project, and the significant costs associated with correcting, completing and reprocuring this work, FEI and in turn WSI's payment applications, beyond WSI's Payment Application No. 1 were not paid.  Exhibit 2, Forney Aff. ¶ 17; Exhibit 1, Ukoh Aff. ¶ 22.

11.      FEI has sustained $75,806.59 in lost profits as a result of WSI's breaches of the Subcontract that resulted in FEI's termination from the Project.  Exhibit 2, Forney Aff. ¶ 18.

12.      Following termination, IIU informed FEI that it held FEI responsible for the damages caused by WSI, including IIU's costs to reprocure, repair and complete WSI's work on the Project and attorneys' fees.  IIU has asserted damages against FEI due to these costs.  FEI has asserted such damages against WSI in the present litigation since WSI is responsible for such damages.  Exhibit 2, Forney Aff. ¶ 20; Exhibit 1, Ukoh Aff. ¶ 25.

13.      IIU and FEI entered into a settlement agreement, formalizing a prior oral agreement, whereby IIU agreed to liquidate all of IIU's claims against FEI.  IIU and FEI agreed that IIU would limit its recovery against FEI to those amounts FEI recovers from WSI in this litigation, less FEI's lost profits.  IIU and FEI formalized the agreement in a written settlement agreement/liquidating agreement.  Exhibit 2, Forney Aff. ¶ 21; Exhibit 1, Ukoh Aff. ¶ 26; Exhibit 3, IIU-FEI Settlement Agreement.

14.     IIU is not a party to the current litigation.  In WSI's October 7, 2011 Complaint [ECF Document No. 1], IIU was named as a defendant.  However, WSI subsequently opted to dismiss IIU from this action.  *See* WSI's October 19, 2011 Notice of Voluntary Dismissal [ECF Document No. 8].  This matter has proceeded since October 2011 without IIU being a party.  In the Spring of 2013, WSI issued a subpoena seeking production of documents from IIU, including banking records and tax returns.  As a third party, IIU objected.  A conference call on IIU's request to quash the subpoena as to WSI's request for IIU's banking records and tax returns was held on August 26, 2013.  *See* Court's August 26, 2013 Minute Order.  On this conference call, Judge Collyer informed counsel for WSI that if he wished to seek production of such documents from IIU, he should seek to amend his Complaint to add IIU as a party to this lawsuit.  WSI's counsel never requested to amend the Complaint to add IIU as a party to this litigation.

**III.    WSI'S PURPORTED "STATEMENT OF MATERIAL FACTS TO WHICH THERE IS NO GENUINE ISSUE"**

WSI's "Statement of Material Facts to Which there is no Genuine Issue" ("WSI's Statement") contains 92 statements, the vast majority of which are not material or determinative of the issues in WSI's Motion.  In fact, the majority of these facts address actions and inactions of IIU, an entity that is not a party to this litigation.  In addition, WSI's Statement contains numerous "factual" assertions that are in dispute.  Many of WSI's "undisputed facts" are unsupported, inaccurate and are incomplete and/or misleading.

In order to correct the record, FEI will respond to each of these facts.  In this Section, FEI identifies the "facts" which are disputed, addresses WSI's inaccuracies and omissions and provides additional material facts which demonstrate that there exist a multitude of genuine issues of material fact that should be resolved at trial.

1.     FEI does not dispute Statement No. 1.

2.      Statement No. 2 is not material to the resolution of WSI's Motion.  FEI objects to Statement No. 2 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's Motion.

3.      Statement No. 3 is not material to the resolution of WSI's Motion.  FEI objects to Statement No. 3 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's Motion and pursuant to Fed R. Evid. 104 and 901 as lacking foundation.  FEI also disputes Statement No. 3 to the extent the referenced exhibit (WSI's Exhibit 2) is an unexecuted Sub-Contracting Agreement between IIU and WSI and not a proposal.

4.      Statement No. 4 is not material to the resolution of WSI's Motion.  FEI objects to Statement No. 4 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's Motion and pursuant to Fed R. Evid. 104 and 901 as lacking foundation.  FEI also disputes Statement No. 4 to the extent the referenced exhibit (WSI's Exhibit 2) is an unexecuted Sub-Contracting Agreement between IIU and WSI and not a letter of intent.

5.      Statement No. 5 is not material to the resolution of WSI's Motion.  FEI objects to Statement No. 5 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's Motion and pursuant to Fed R. Evid. 104 and 901 as lacking foundation.  FEI also disputes Statement No. 5 to the extent the referenced exhibit (WSI's Exhibit 2) is an unexecuted Sub-Contracting Agreement between IIU and WSI and not a formal agreement or contract between the parties.

6.      Statement No. 6 is not material to the resolution of WSI's Motion.  FEI objects to Statement No. 6 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's Motion and pursuant to Fed R. Evid. 104 and 901 as lacking foundation.  FEI also disputes Statement No. 6 to the extent the referenced exhibit (WSI's Exhibit 2) is an unexecuted Sub-

Contracting Agreement between IIU and WSI and not a formal agreement or contract between the parties.

7.      Statement No. 7 is not material to the resolution of WSI's Motion.  FEI objects to Statement No. 7 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's Motion.  FEI also disputes Statement No. 7 because IIU did in fact obtain bonding and was named as the principal on Payment Bond 1926224 (the "Payment Bond") for the Project.

8.      Statement No. 8 is not material to the resolution of WSI's Motion.  FEI objects to Statement No. 8 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's Motion and pursuant to Fed R. Evid. 104 and 901 as lacking foundation.  FEI also disputes Statement No. 8 because it is misleading.  The referenced exhibit (WSI's Exhibit 4) is an FEI e-mail that expressly states that FEI is reviewing financial information "from a company that is interested in us partnering with them on a 8A sole source project where they have run out of bonding capacity."

9.      Statement No. 9 is not material to the resolution of WSI's Motion.  FEI objects to Statement No. 9 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's Motion and pursuant to Fed R. Evid. 104 and 901 as lacking foundation.  FEI also disputes Statement No. 9.  FEI became involved in the Project when it entered into a subcontract with IIU to provide labor, supervision and materials associated with the supply and installation of the windows and doors on the Project.  Exhibit 2, Forney Aff. ¶ 3; Exhibit 1, Ukoh Aff. ¶ 3.  Further, the referenced exhibit (WSI's Exhibit 5) clearly indicates that IIU, not FEI, was the principal on the Payment Bond.

10.     FEI disputes Statement No. 10.  WSI's Statement No. 10 provides no reference to the record to support this statement.  Furthermore, this statement is patently incorrect.  The

Payment Bond for the Project is between IIU and Hanover <u>not</u> between FEI and Hanover. Exhibit 2, Forney Aff. ¶ 4; Exhibit 1, Ukoh Aff. ¶ 6.

11.     FEI objects to Statement No. 11 pursuant to Fed R. Evid. 104 and 901 as lacking foundation.  FEI also disputes Statement No. 11.  IIU and FEI did enter into a subcontract (*see* WSI's Exhibit 6).  However, there is no support in WSI's reference to the record that this subcontract was for "work originally to be provided by WSI to FEI."

12.     FEI does not dispute Statement No. 12.

13.     Statement No. 13 is not material to the resolution of WSI's Motion.  FEI objects to Statement No. 13 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's Motion and pursuant to Fed R. Evid. 104 and 901 as lacking foundation.

14.     FEI objects to Statement No. 14 pursuant to Fed R. Evid. 104 and 901 as lacking foundation.  FEI also disputes Statement No. 14 because it is misleading and not supported by the reference to the record.  FEI and WSI did enter into the Subcontract (*see* WSI's Exhibit 8). However, there is no support in WSI's reference to the record that this contract was "for WSI to provide the same window and door installation of [sic] the Project, originally agreed to between IIU and WSI."  IIU and WSI never entered into a contract.  Exhibit 1, Ukoh Aff. ¶ 3.

15.     Statement No. 15 is not material to the resolution of WSI's Motion.  FEI objects to Statement No. 15 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's Motion.

16.     FEI does not dispute Statement No. 16.

17.     FEI disputes Statement No. 17.  As is typical with contracts related to construction projects, FEI intended to subcontract much of its scope of work under its subcontract with IIU.  Exhibit 2, Forney Aff. ¶ 3.  FEI subsequently entered into the Subcontract

with WSI to provide the labor, supervision and materials associated with the supply and installation of the windows and doors on the Project. *Id*. FEI's intent was to provide administrative oversight on the Project as WSI completed the Subcontract work. *Id*. As work on the Project progressed, there were significant problems with WSI's work, including windows not being measured and verified for proper sizing, poor installation and undersized sashes on windows and windows being installed but left unfinished. Exhibit 2, Forney Aff. ¶¶ 6-7; Exhibit 1, Ukoh Aff. ¶ 7. WSI's significant failures in performing its obligations on the Project and the Government's Cure Notice to IIU resulted in FEI's Keith Forney taking a more active role in the Project to assist in correcting these issues, negotiating a resolution with IIU and the Government and addressing payment issues between the parties. Exhibit 2, Forney Aff. ¶ 8.

18.     Statement No. 18 is not material to the resolution of WSI's Motion. FEI objects to Statement No. 18 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's Motion.

19.     Statement No. 19 is not material to the resolution of WSI's Motion. FEI objects to Statement No.19 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's Motion. Although IIU's scope included the demolition of the windows on the Project, the procedure on the job was that WSI was supposed to coordinate its installation with the demolition to be performed by others. Exhibit 4, Deposition of Frank Ukoh (hereinafter "Ukoh Depo.") at 102:18-104:2. WSI was required to provide written notice to FEI, which would then be provided to IIU, if there were any issues with the demolition work that would prevent or impair WSI's ability to perform its work. *Id*., Exhibit 2, Forney Aff. ¶ 16; Subcontract (WSI's Exhibit 8), Article 13.3.2.   FEI never received any written notice from WSI indicating there were any problems with its demolition that would impact WSI's ability to perform its work.

Exhibit 2, Forney Aff. ¶ 16.  WSI's personnel did not know they were required to provide written notice of issues with the predecessor demolition work and in fact never provided any such written notice.  Exhibit 5, Deposition of Gregory Jones (hereinafter "Jones Depo.") at 49:16-50:2; 160:6-19.  In fact, WSI's personnel never even reviewed a copy of the Subcontract. Exhibit 6, Deposition of Mark Witthoff (hereinafter "Witthoff Depo.") at 41:20-43:18.

20.     Statement No. 20 is not material to the resolution of WSI's Motion.  FEI objects to Statement No. 20 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's Motion.  FEI also disputes Statement No. 20 because it is misleading.  The portion of the deposition transcript referenced (WSI's Exhibit 3 at p. 75:8-9) specifically provides that "the demolition and preparation [of the windows] was done by Greg Purvis and WSI people." (emphasis added).

21.     Statement No. 21 is not material to the resolution of WSI's Motion.  FEI objects to Statement No. 21 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's Motion.

22.     Statement No. 22 is not material to the resolution of WSI's Motion.  FEI objects to Statement No. 22 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's Motion.  FEI also disputes Statement No. 22 because it is misleading and because there is no support in WSI's reference to the record for this statement.  The referenced deposition transcript (WSI's Exhibit 3 at 21:7-8; 26:5-8) indicates that IIU's Mr. Ukoh was in fact on the Project site. In addition, the portion of the transcript just prior to WSI's reference provides as follows:

**Q:**    Now, while that project was ongoing, how often were you at the project, you personally?

**A:**    Well, at first I was – I was there but I didn't really go much, but after a while, I was there almost every day.

(emphasis added).  WSI's Exhibit 3 at 20:22-21:4.   As the Project progressed and more issues

arose with WSI's work, Mr. Ukoh began going to the Project site almost every day.  Exhibit 1,

Ukoh Aff. ¶ 7.

23.     Statement No. 23 is not material to the resolution of WSI's Motion.  FEI objects

to Statement No. 23 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's

Motion.  FEI also disputes Statement No. 23 because it is misleading and because there is no

support in WSI's reference to the record for this statement.  The referenced deposition transcript

(WSI's Exhibit 3 at 44:17-45:1) does not support the proposition that Mr. Ukoh "did not have

any knowledge as to whether or not there was ever anyone on the Project from FEI."  This

portion of the transcript simply provides that Mr. Ukoh did not "know who was on the site daily

for FEI."  In addition, the portion of the transcript just prior to WSI's citation provides as

follows:

> **Q:**     What was FEI's role on the project?
>
> **A:**     FEI was supposed to change 684 windows and 66 doors.
>
> **Q:**     And what did FEI actually do on the project?
>
> **A:**     Well, FEI supplied the 684 – some windows and doors and work and
> provided work that didn't meet standard.

WSI's Exhibit 3 at 44:10-16.

24.     Statement No. 24 is not material to the resolution of WSI's Motion.  FEI objects

to Statement No. 24 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's

Motion.  FEI disputes Statement No. 24 because there is no support in WSI's reference to the

record for this statement.  WSI's reference to the record (WSI's Exhibit 11 at 40:21-41:4 and

WSI's Exhibit 12 at 24:21-22) merely alleges that Mr. Purvis did not demo the window as WSI

wanted.

25.     Statement No. 25 is not material to the resolution of WSI's Motion.  FEI objects to Statement No. 25 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's Motion.

26.     Statement No. 26 is not material to the resolution of WSI's Motion.   FEI objects to Statement No. 26 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's Motion.  While WSI references Exhibit 11 at 78:6-8, this page is not included in WSI's Exhibit 11.

27.     Statement No. 27 is not material to the resolution of WSI's Motion.  FEI objects to Statement No. 27 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's Motion.  FEI also disputes Statement No. 27.  WSI references Exhibit 11 at 48:11-12 and 50:10-14, but these pages are not included in WSI's Exhibit 11.  WSI installed 100 windows on the Project without providing any written notice of any problems with the demolition work or need to correct any of the demolition work.  Exhibit 2, Forney Aff. ¶ 16; Exhibit 1, Ukoh Aff. ¶¶ 17, 19; Exhibit 4, Ukoh Depo. at 102:18-104:2.

28.     FEI disputes Statement No. 28.  WSI references Exhibit 11 at 51:4-11, but this page is not included in WSI's Exhibit 11.  WSI installed 100 windows on the Project without providing any written notice of any problems with the demolition work or need to correct any of the demolition work.  Exhibit 2, Forney Aff. ¶ 16; Exhibit 1, Ukoh Aff. ¶¶ 17, 19; Exhibit 4, Ukoh Depo. at 102:18-104:2.

29.     FEI disputes Statement No. 29.   WSI references Exhibit 11 at 51:4-11; 53:16-22, but these pages are not included in WSI's Exhibit 11.  At the time of WSI's termination, WSI had installed only 100 windows and out of those 100 windows only one was functional.  Exhibit 1, Ukoh Aff. ¶ 17.  Thus, WSI installed 100 windows on the Project without providing any written

notice of any problems with the demolition work or need to correct any of the demolition work. Exhibit 2, Forney Aff. ¶ 16; Exhibit 1, Ukoh Aff. ¶¶ 17, 19; Exhibit 4, Ukoh Depo. at 102:18-104:2.

30.     FEI disputes Statement No. 30.  At the time of WSI's termination, WSI had installed only 100 windows, in two buildings.  Out of those 100 windows only <u>one</u> was functional.  Exhibit 1, Ukoh Aff. ¶ 17.  Thus, WSI installed 100 windows on the Project without providing any written notice of any problems with the demolition work.  Exhibit 2, Forney Aff. ¶ 16; Exhibit 1, Ukoh Aff. ¶¶ 17, 19; Exhibit 4, Ukoh Depo. at 102:18-104:2.

31.     Statement No. 31 is not material to the resolution of WSI's Motion.  FEI objects to Statement No. 31 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's Motion.

32.     Statement No. 32 is not material to the resolution of WSI's Motion.  FEI objects to Statement No. 32 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's Motion and pursuant to Fed R. Evid. 802 as being hearsay.  FEI also disputes Statement No. 32.  WSI's references to the record (WSI's Exhibit 9 at 210:17-211:4 and WSI's Exhibit 3 at 116:9-117:5) do not support this statement.  In the portion of the transcript referenced by WSI, IIU's Mr. Ukoh specifically states that any issues with IIU's work were "minor issues."  In fact, the majority of the issues identified in the Government's Cure Notice had to do with WSI's poor workmanship  including windows not being measured and verified for proper sizing, poor installation and undersized sashes on windows and windows being installed but left unfinished. Exhibit 2, Forney Aff. ¶ 7; Exhibit 1, Ukoh Aff. ¶ 8.

33.     FEI does not dispute Statement No. 33.  However, a portion of WSI's reference to the record (WSI's Exhibit 3 at 105:17-18) is not included in WSI's Exhibit 3.

34.     FEI disputes Statement No. 34.  This statement is misleading.  A portion of WSI's reference to the record (WSI's Exhibit 3 at 105:22-106:3) is not included in WSI's Exhibit 3.  In addition, the majority of the issues identified in the Government's Cure Notice had to do with WSI's poor workmanship including windows not being measured and verified for proper sizing, poor installation and undersized sashes on windows and windows being installed but left unfinished.  Exhibit 2, Forney Aff. ¶ 7; Exhibit 1, Ukoh Aff. ¶ 8.

35.     FEI disputes Statement No. 35.  This statement is misleading.  The majority of the issues identified in the Government's Cure Notice had to do with WSI's poor workmanship including windows not being measured and verified for proper sizing, poor installation and undersized sashes on windows and windows being installed but left unfinished.  *Id.*

36.     FEI disputes Statement No. 36.  This statement is misleading.  Per IIU's Mr. Ukoh, these issues with IIU's work were "minor issues" that had little to do with the operation of the windows.  *See* WSI's Exhibit 3 at 116:9-16.  The majority of the issues identified in the Government's Cure Notice had to do with WSI's poor workmanship including windows not being measured and verified for proper sizing, poor installation and undersized sashes on windows and windows being installed but left unfinished.  Exhibit 2, Forney Aff. ¶ 7; Exhibit 1, Ukoh Aff. ¶ 8.

37.     FEI disputes Statement No. 37.  FEI objects to Statement No. 37 pursuant to Fed R. Evid. 104 and 901 as lacking foundation.

38.     FEI disputes Statement No. 38.  FEI objects to Statement No. 38 pursuant to Fed R. Evid. 104 and 901 as lacking foundation.

39.     FEI objects to Statement No. 39 pursuant to Fed R. Evid. 104 and 901 as lacking foundation and pursuant to Fed R. Evid. 802 as being hearsay.  FEI also disputes Statement No.

39.  WSI's reference to the record (WSI's Exhibit 3 at 186:7-9) simply indicates that FEI would "ask [IIU] to submit a partial invoice to help relieve some of the pressure."

40.     FEI does not dispute Statement No. 40.

41.     FEI objects to Statement No. 41 pursuant to Fed R. Evid. 104 and 901 as lacking foundation and pursuant to Fed R. Evid. 802 as being hearsay.  FEI also disputes Statement No. 41 because WSI's reference to the record (WSI's Exhibit 3 at 186:14-16) merely indicates that FEI did not submit the partial invoice.  In fact, IIU's Mr. Ukoh stated that he did not submit this invoice "[b]ecause the Government was, at that time said they would not make anymore payment until we corrected deficiencies."  WSI's Exhibit 3 at 186:14-20.

42.     FEI does not dispute Statement No. 42.

43.     FEI does not dispute Statement No. 43.

44.     FEI disputes Statement No. 44.  Although WSI helped develop a plan to correct the deficiencies in its work, when it came time to commence the plan to perform the corrective work, WSI failed to timely correct and complete its defective work and performance.  Exhibit 1, Ukoh Aff. ¶ 10.  In fact, when WSI was authorized to begin its corrective work, WSI had only two workers on site, neither of whom understood the agreed-upon plan and corrective measures to be implemented.  *Id*.  The Government conveyed to IIU that the deficiencies in WSI's work were not adequately addressed.  *Id*. at ¶ 14.

45.     FEI disputes Statement No. 45.  Although WSI helped develop a plan to correct the deficiencies in its work, when it came time to commence the plan to perform the corrective work, WSI failed to timely correct and complete its defective work and performance.  Exhibit 1, Ukoh Aff. ¶ 10.  In fact, when WSI was authorized to begin its corrective work, WSI had only two workers on site, neither of whom understood the agreed-upon plan and corrective measures

to be implemented.  *Id.*  The Government conveyed to IIU that the deficiencies in WSI's work were not adequately addressed.  *Id*. at ¶ 14.

46.      Statement No. 46 is not material to the resolution of WSI's Motion.  FEI objects to Statement No. 46 pursuant to Fed. R. Evid. 402 as being irrelevant to the resolution of WSI's Motion and pursuant to Fed R. Evid. 104 and 901 as lacking foundation.

47.      Statement No. 47 is not material to the resolution of WSI's Motion.  FEI objects to Statement No. 47 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's Motion and pursuant to Fed R. Evid. 104 and 901 as lacking foundation.  FEI also disputes Statement No. 47.  WSI's referenced Exhibit (WSI's Exhibit 9 at 247:13-14) does not support the statement.

48.      Statement No. 48 is not material to the resolution of WSI's Motion.  FEI objects to Statement No. 48 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's Motion and pursuant to Fed R. Evid. 104 and 901 as lacking foundation.  FEI also disputes Statement No. 48.  WSI's referenced Exhibit (WSI's Exhibit 11 at 63:14-18) does not support the statement.

49.      Statement No. 49 is not material to the resolution of WSI's Motion.  FEI objects to Statement No. 49 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's Motion, pursuant to Fed. R. Evid. 802 as being hearsay and pursuant to Fed R. Evid. 104 and 901 as lacking foundation.  FEI also disputes Statement No. 49.  WSI references its Exhibit 11 at 65:2-3, but this page is not included in WSI's Exhibit 11.  The remaining reference to the record (WSI's Exhibit 12 at 102:5-9) merely states that Malta Windows & Doors ("Malta") individuals measured 7 windows and these 7 windows matched the rough openings.  Further, the record indicates there was no written record of any such measurements being correct.  Exhibit 5, Jones

Depo. at 62:11-66:14.  In addition, there is evidence in the record that the measurement of the windows was not correct.  Exhibit 4, Ukoh Depo. at 78:2-79:22.

50.     Statement No. 50 is not material to the resolution of WSI's Motion.  FEI objects to Statement No. 50 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's Motion, pursuant to Fed. R. Evid. 802 as being hearsay and pursuant to Fed R. Evid. 104 and 901 as lacking foundation.  FEI also disputes Statement 50.  There were significant issues with WSI's poor workmanship on the Project including windows not being measured and verified for proper sizing, poor installation and undersized sashes on windows and windows being installed but left unfinished.  Exhibit 2, Forney Aff. ¶¶ 6-7; Exhibit 1, Ukoh Aff. ¶¶ 7-8; Exhibit 4, Ukoh Depo. at 78:2-79:22.

51.     FEI does not dispute Statement No. 51.  However, FEI objects to WSI's Exhibit 19 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's Motion, pursuant to Fed. R. Evid. 802 as being hearsay and pursuant to Fed R. Evid. 104 and 901 as lacking foundation.  WSI's Exhibit 19 appears to include many documents beyond the "Termination Letter" as represented by WSI in its Motion.

52.     FEI does not dispute Statement No. 52.

53.     Statement No. 53 is not material to the resolution of WSI's Motion.  FEI objects to Statement No. 53 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's Motion and pursuant to Fed R. Evid. 104 and 901 as lacking foundation.

54.     FEI disputes Statement No. 54.  This statement is misleading.  Although FEI provided WSI with a letter of termination in September 2011, the referenced exhibit (WSI's Exhibit 22) indicates that FEI provided WSI with notice of its termination in July 2011.

55.    FEI objects to Statement No. 55 pursuant to Fed R. Evid. 104 and 901 as lacking foundation.

56.    FEI does not dispute Statement No. 56.

57.    FEI does not dispute Statement No. 57.

58.    FEI does not dispute Statement No. 58.

59.    FEI disputes Statement No. 59.  This statement is misleading.  While no other payments beyond the $26,000 were made to WSI, this is because all of WSI's other payment applications were disputed because of the significant deficiencies in its work and the significant costs associated with correcting, completing and reprocuring this work.  Exhibit 2, Forney Aff. ¶¶ 17, 19; Exhibit 1, Ukoh Aff. ¶ 22.

60.    FEI objects to Statement No. 60 pursuant to Fed. R. Evid. 802 as being hearsay and pursuant to Fed R. Evid. 104 and 901 as lacking foundation.  FEI also disputes Statement 60. This statement is misleading.  Pursuant to an agreement between IIU, FEI and WSI, FEI agreed that WSI should submit its payment applications for its work on the Project directly to IIU and provide copies to FEI.   Exhibit 2, Forney Aff. ¶ 5; Exhibit 1, Ukoh Aff. ¶ 5.  Such applications were not paid because of the significant issues with WSI's work on the Project that led to IIU terminating FEI and FEI terminating WSI.  Exhibit 2, Forney Aff. ¶¶ 17, 19; Exhibit 1, Ukoh Aff. ¶ 22.

61.    Statement No. 61 is not material to the resolution of WSI's Motion.  FEI objects to Statement No. 61 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's Motion and pursuant to Fed R. Evid. 104 and 901 as lacking foundation.

62.    Statement No. 62 is not material to the resolution of WSI's Motion.  FEI objects to Statement No. 62 pursuant to Fed. R. Evid. 402 as being irrelevant to the resolution of WSI's

Motion and pursuant to Fed R. Evid. 104 and 901 as lacking foundation.  Further, there is no reference to the record supporting this statement.

63.     Statement No. 63 is not material to the resolution of WSI's Motion.  FEI objects to Statement No. 63 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's Motion and pursuant to Fed R. Evid. 104 and 901 as lacking foundation.  There is no reference to the record supporting this statement. Further, there were objections to WSI's payment applications due to inaccuracies contained therein.  Exhibit 2, Forney Aff. ¶ 19.

64.     Statement No. 64 is not material to the resolution of WSI's Motion.  FEI objects to Statement No. 64 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's Motion and pursuant to Fed R. Evid. 104 and 901 as lacking foundation.

65.     Statement No. 65 is not material to the resolution of WSI's Motion.  FEI objects to Statement No. 65 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's Motion and pursuant to Fed R. Evid. 104 and 901 as lacking foundation.  FEI further objects because the record reflects that FEI disputed WSI's payment applications and that the windows and doors provided by WSI were improperly measured and all had to be re-ordered.  Exhibit 2, Forney Aff. ¶ 19; Exhibit 1, Ukoh Aff. ¶¶ 20-21.

66.     Statement No. 66 is not material to the resolution of WSI's Motion.  FEI objects to Statement No. 66 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's Motion and pursuant to Fed R. Evid. 104 and 901 as lacking foundation.

67.     Statement No. 67 is not material to the resolution of WSI's Motion.  FEI objects to Statement No. 67 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's Motion and pursuant to Fed R. Evid. 104 and 901 as lacking foundation.  FEI further objects because the record reflects that FEI disputed WSI's payment applications and that the windows

and doors provided by WSI were improperly measured and all had to be re-ordered.  Exhibit 2, Forney Aff. ¶ 19; Exhibit 1, Ukoh Aff. ¶¶ 20-21.

68.     Statement No. 68 is not material to the resolution of WSI's Motion.  FEI objects to Statement No. 68 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's Motion, pursuant to Fed. R. Evid. 802 as being hearsay and pursuant to Fed R. Evid. 104 and 901 as lacking foundation.

69.     Statement No. 69 is not material to the resolution of WSI's Motion.  FEI objects to Statement No. 69 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's Motion.  FEI also disputes Statement No. 69.  This statement is misleading.  WSI's reference to the record (WSI's Exhibit 3 at 178:9-11) provides that payment was not made because IIU did not receive money.  WSI was not paid because of the significant issues with WSI's work on the Project that led to IIU terminating FEI and FEI terminating WSI.  Exhibit 2, Forney Aff. ¶¶ 13, 15, 17, 19; Exhibit 1, Ukoh Aff. ¶¶ 16, 22.

70.     Statement No. 70 is not material to the resolution of WSI's Motion.  FEI objects to Statement No. 70 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's Motion, pursuant to Fed. R. Evid. 802 as being hearsay and pursuant to Fed R. Evid. 104 and 901 as lacking foundation.  FEI also disputes Statement No. 70.  FEI was a subcontractor to IIU and IIU was contracted with the Government.  Exhibit 2, Forney Aff. ¶ 2; Exhibit 1, Ukoh Aff. ¶¶ 2-3.  Due to significant issues with WSI's work, FEI informed IIU and the Government that WSI's payment application should be closely scrutinized because FEI believed the payment applications to be inaccurate.  Exhibit 2, Forney Aff. ¶ 19.

71.     Statement No. 71 is not material to the resolution of WSI's Motion.  FEI objects to Statement No. 71 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's

Motion.   FEI also disputes Statement No. 71.   FEI was a subcontractor to IIU and IIU was

contracted with the Government.   Exhibit 2, Forney Aff. ¶ 2; Exhibit 1, Ukoh Aff. ¶¶ 2-3.   Due to

significant issues with WSI's work, FEI informed IIU and the Government that WSI's payment

application should be closely scrutinized.   Exhibit 2, Forney Aff. ¶ 19.

72.     Statement No. 72 is not material to the resolution of WSI's Motion.   FEI objects

to Statement No. 72 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's

Motion, pursuant to Fed. R. Evid. 802 as being hearsay and pursuant to Fed R. Evid. 104 and 901

as lacking foundation.   FEI also disputes Statement No. 72.   This statement is misleading.   While

IIU did request certain documentation from WSI, this request was only made after WSI

contacted IIU directly inquiring about payment for stored materials issues on the Project.   *See*

WSI's Exhibit 28.   Further, IIU subsequently discovered that the windows and doors ordered by

WSI could not be used and had to be re-ordered.   Exhibit 1, Ukoh Aff. ¶¶ 20-21.

73.     Statement No. 73 is not material to the resolution of WSI's Motion.   FEI objects

to Statement No. 73 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's

Motion, pursuant to Fed. R. Evid. 802 as being hearsay and pursuant to Fed R. Evid. 104 and 901

as lacking foundation.   Further, the referenced Exhibit (WSI's Exhibit 29) contains over 100

pages of invoices, some of which are difficult to read and so FEI cannot determine the accuracy

of this statement.

74.     Statement No. 74 is not material to the resolution of WSI's Motion.   FEI objects

to Statement No. 74 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's

Motion, pursuant to Fed. R. Evid. 802 as being hearsay and pursuant to Fed R. Evid. 104 and 901

as lacking foundation.   Further, the referenced Exhibit (WSI's Exhibit 29) contains over 100

pages of invoices, some of which are difficult to read and so FEI cannot determine the accuracy

of this statement.  In addition, WSI's Robert Carlson indicated in his deposition that WSI had in fact not paid its vendors for the doors or windows on the Project.  Exhibit 7, Deposition of Robert Carlson (hereinafter "Carlson Depo.") at 152:14-20.

75.     Statement No. 75 is not material to the resolution of WSI's Motion.  FEI objects to Statement No. 75 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's Motion, pursuant to Fed. R. Evid. 802 as being hearsay and pursuant to Fed R. Evid. 104 and 901 as lacking foundation.  Further, the referenced Exhibit (WSI's Exhibit 29) contains over 100 pages of invoices, some of which are difficult to read and so FEI cannot determine the accuracy of this statement.

76.     Statement No. 76 is not material to the resolution of WSI's Motion.  FEI objects to Statement No. 76 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's Motion, pursuant to Fed. R. Evid. 802 as being hearsay and pursuant to Fed R. Evid. 104 and 901 as lacking foundation.  Further, the referenced Exhibit (WSI's Exhibit 29) contains over 100 pages of invoices, some of which are difficult to read and so FEI cannot determine the accuracy of this statement.

77.     Statement No. 77 is not material to the resolution of WSI's Motion.  FEI objects to Statement No. 77 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's Motion, pursuant to Fed. R. Evid. 802 as being hearsay and pursuant to Fed R. Evid. 104 and 901 as lacking foundation.  Further, the referenced Exhibit (WSI's Exhibit 29) contains over 100 pages of invoices, some of which are difficult to read and so FEI cannot determine the accuracy of this statement.  In addition, WSI's Robert Carlson indicated in his deposition that WSI had in fact not paid its vendors for the doors or windows on the Project.  Exhibit 7, Carlson Depo. at 152:14-20.

78.     Statement No. 78 is not material to the resolution of WSI's Motion.  FEI objects to Statement No. 78 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's Motion, pursuant to Fed. R. Evid. 802 as being hearsay and pursuant to Fed R. Evid. 104 and 901 as lacking foundation.  The referenced Exhibit (WSI's Exhibit 29) contains over 100 pages of invoices, some of which are difficult to read and so FEI cannot determine the accuracy of this statement.  In addition, WSI's Robert Carlson indicated in his deposition that WSI had in fact not paid its vendors for the doors or windows on the Project.  Exhibit 7, Carlson Depo. at 152:14-20. IIU subsequently learned from Malta that although WSI provided IIU a copy of a Malta invoice for approximately $678,000 for the windows it supplied for the Project, the actual invoice that Malta provided to WSI for these windows was $280,000.  Exhibit 1, Ukoh Aff. ¶ 24; Exhibit 4, Ukoh Depo. at 231:6-12.  IIU paid Malta in full for the windows its supplied on the Project. Exhibit 1, Ukoh Aff. ¶ 23.

79.     Statement No. 79 is not material to the resolution of WSI's Motion.  FEI objects to Statement No. 79 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's Motion, pursuant to Fed. R. Evid. 802 as being hearsay and pursuant to Fed R. Evid. 104 and 901 as lacking foundation.  IIU is not a party to this litigation.  *See* FEI's Statement of Material Facts ("MF") to which there is no dispute No. 14.

80.     Statement No. 80 is not material to the resolution of WSI's Motion.  FEI objects to Statement No. 80 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's Motion, pursuant to Fed. R. Evid. 802 as being hearsay and pursuant to Fed R. Evid. 104 and 901 as lacking foundation.  IIU is not a party to this litigation.  *Id*.

81.     Statement No. 81 is not material to the resolution of WSI's Motion.  FEI objects to Statement No. 81 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's

Motion and pursuant to Fed R. Evid. 104 and 901 as lacking foundation.  IIU is not a party to this litigation.  *Id*.

82.     Statement No. 82 is not material to the resolution of WSI's Motion.  FEI objects to Statement No. 82 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's Motion, pursuant to Fed. F. Evid. 802 as being hearsay and pursuant to Fed R. Evid. 104 and 901 as lacking foundation.  IIU is not a party to this litigation.  *Id*.

83.     FEI disputes Statement No. 83.  This statement is misleading. IIU did pay certain WSI vendors directly, paying Malta $279,938.75 and Diamond Doors $30,083 and receiving full releases from both.  Exhibit 1, Ukoh Aff. ¶ 23; Exhibit 4, Ukoh Depo. at 229:17-21; 241:2-5.

84.     Statement No. 84 is not material to the resolution of WSI's Motion.  FEI objects to Statement No. 84 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's Motion.  IIU is not a party to this litigation.  *See* FEI MF No. 14.  FEI also disputes this statement.  WSI's Statement No. 84 provides no reference to the record to support this statement.  Further, IIU's Mr. Ukoh, when asked if he ever notified the government that he was withholding funds from his subcontractors, responded "I would have told the COTR."  *See* WSI's Exhibit 3 at 226:22-227:2.  (emphasis added).

85.     Statement No. 85 is not material to the resolution of WSI's Motion.  FEI objects to Statement No. 85 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's Motion.  WSI provides no reference to the record to support this statement.  Further, IIU is not a party to this litigation.  *See* FEI's MF No. 14.

86.     FEI objects to Statement No. 86 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's Motion and pursuant to Fed R. Evid. 104 and 901 as lacking foundation.  IIU is not a party to this litigation.  *Id*.

87.     FEI objects to Statement No. 87 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's Motion and pursuant to Fed R. Evid. 104 and 901 as lacking foundation.  IIU is not a party to this litigation.  *Id*.

88.     FEI disputes Statement No. 88.  IIU informed FEI that it held FEI responsible for the damages caused by WSI, including IIU's costs to reprocure, repair and complete WSI's work on the Project and attorneys' fees.  Exhibit 2, Forney Aff. ¶ 20; Exhibit 1, Ukoh Aff. ¶ 25.  IIU has asserted damages against FEI due to costs associated with the termination and reprocurement.  *Id*.  FEI has asserted such damages against WSI since WSI is responsible for such damages.  Exhibit 2, Forney Aff. ¶ 20.  FEI and IIU have entered into a settlement agreement whereby IIU agreed to liquidate all of IIU's claims against FEI.  Exhibit 2, Forney Aff. ¶ 21; Exhibit 1, Ukoh Aff. ¶ 26; Exhibit 3, IIU-FEI Settlement Agreement.  FEI and IIU agreed that IIU would limit its recovery against FEI to those amounts FEI recovers from WSI in this litigation, less FEI's lost profits.  *Id*.

89.     FEI disputes Statement No. 89.  FEI has sustained $75,806.59 in lost profits as a result of WSI's breaches of the Subcontract.  Exhibit 2, Forney Aff. ¶ 18.

90.     Statement No. 90 is not material to the resolution of WSI's Motion.  FEI objects to Statement No. 90 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's Motion and pursuant to Fed R. Evid. 104 and 901 as lacking foundation.  WSI's Statement No. 90 provides no reference to the record to support this statement.

91.     Statement No. 91 is not material to the resolution of WSI's Motion.  FEI objects to Statement No. 91 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's Motion and pursuant to Fed R. Evid. 104 and 901 as lacking foundation.

92.     FEI objects to Statement No. 92 pursuant to Fed R. Evid. 402 as being irrelevant to the resolution of WSI's Motion and pursuant to Fed R. Evid. 104 and 901 as lacking foundation.  IIU is not a party to this litigation.  *See* FEI's MF No. 14.

## IV.     ARGUMENT

### A.     Standard of Review

Fed. R. Civ. P. 56 provides that "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  For the evidence to present a "genuine" issue of material fact, it must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party seeking summary judgment "bears the heavy burden of establishing that the merits of his case are so clear that expedited action is justified."  *Mitchell v. E. Sav. Bank, FSB*, 890 F. Supp. 2d 104, 107 (D.D.C. 2012) (quoting *Taxpayers Watchdog, Inc. v. Stanley*, 819 F.2d 294, 297 (D.C.Cir.1987).  The non-moving party is under no obligation to present any evidence until the movant has met its burden.  *Id.*  Further, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  *Anderson,* 477 U.S. at 255. The function of the judge at the summary judgment stage is not to determine the truth of a matter or to weigh credibility, but to determine whether there is any genuine issue of fact for trial.  *Id*. at 250.

### B.     WSI is not Entitled to Summary Judgment as to Count II of FEI's Amended Counterclaim because FEI has Suffered an Actual Loss

WSI argues that it is entitled to summary judgment as to Count II of FEI's Amended Counterclaim for indemnification because FEI has not been held liable to IIU.  WSI's Motion

fails on this point because there is a genuine issue of material fact with regard to FEI's liability to IIU arising out of WSI's actions.

WSI argues that a claim for indemnification requires that the indemnitee first make an actual payment or suffer an actual loss.  *See Casanova v. Marathon Corp.*, 256 F.R.D. 11 (2009). In *Casanova*, the court granted a motion to dismiss an indemnity count, finding that it was not ripe because the party seeking indemnity had not made an actual payment or suffered an actual loss.  However, *Casanova* is distinguishable from the present case because FEI has suffered an actual loss due to WSI's breaches of the Subcontract.  These losses include its lost profits and its extensive liability to IIU for IIU's cost to complete and correct FEI/WSI's work on the Project following termination.

IIU terminated FEI due to WSI's failures on the Project, including its inability and failure to correct its defective window and door installations and comply with its contractual obligations.  FEI MF Nos. 5-10.  IIU informed FEI that it held FEI responsible for the damages caused by WSI, including IIU's costs to reprocure, repair and complete WSI's work.   FEI MF No. 12.  IIU and FEI entered into a settlement agreement whereby IIU agreed to liquidate all of its claims against FEI.  FEI MF No. 13.  IIU and FEI agreed that IIU would limit its recovery against FEI to those amounts FEI recovers from WSI in this litigation, less FEI's lost profits.  *Id.* IIU and FEI formalized this agreement in a written settlement agreement/liquidating agreement. *Id.*  Such a settlement constitutes an actual loss sufficient to maintain an action for indemnity. *See Moses-Ecco Co. v. Roscoe-Ajax Corp.*, 320 F.2d 685, 689 (DC Cir. 1962) (recognizing that "recovery by an indemnitee is not precluded simply because he settled the main claim rather than litigate it to final judgment").

FEI suffered actual damages due to WSI's breach of the Subcontract in the form of lost profits and its liability to IIU for WSI's actions, which is reflected in a settlement between IIU and FEI.  Drawing all justifiable inferences in FEI's favor, it is clear that there are genuine issues of material fact regarding FEI's losses and its liability to IIU for WSI's actions.  Accordingly, WSI's motion on this point should be denied.

C.     **FEI has Incurred Damages as a Result of WSI's Breaches of the Subcontract and Therefore, WSI is not Entitled to Summary Judgment on Count I of FEI's Amended Counterclaim**

WSI argues, without citation to any legal authority, that it is entitled to judgment as a matter of law on Count I of FEI's Amended Counterclaim because FEI has suffered no damages, or no damages as a result of WSI's actions.  Rather, WSI argues that FEI's damages are the result of IIU's actions and/or inactions.  This argument is not a proper basis for summary judgment.  Further, it is contrary to the undisputed facts.

WSI's argument that FEI's damages arose out of IIU's actions rather than WSI's actions is not a proper basis for summary judgment.  Even if a moving party contends that other factors caused the alleged damages, summary judgment will not be granted if there is evidence in the record sufficient to permit a reasonable jury to conclude that the moving party contributed to those damages.  *See Armenian Genocide Museum & Mem'l, Inc. v. Cafesjian Family Found., Inc., et al.*, 691 F.Supp.2d 132, 153-54 (D.D.C. 2010) (denying summary judgment on the issue of injury or insufficient damages even though the record indicated that other factors may have caused the alleged damages because a reasonable jury could conclude that the defendants contributed to plaintiffs alleged damages); *Byrd v. Quarles*, No. 2004 CA 004412 B, 2011 WL 4634054 (D.C. Super. Ct. Oct. 6, 2011) (denying a motion for summary judgment where there

were material facts in dispute as to the amount of damages and degree to which any such damages were attributable to defendant).

In addition to being an improper basis for summary judgment, WSI's argument fails because there is ample evidence in the record that WSI's actions not only contributed to, but actually caused FEI's damages.  FEI was terminated from the Project due to WSI's extensive breaches of the Subcontract and failure to properly perform its scope of work on the Project.  FEI MF Nos. 3-10.  As a result of being terminated, FEI missed out on profits it would have earned had WSI properly completed its scope.  FEI MF No. 11.  In addition, IIU has informed FEI that it will hold FEI responsible for WSI's failures, including the costs to complete and correct WSI's work on the Project, and FEI and IIU have reached a settlement as to this liability.  FEI MF No. 13.

FEI has suffered significant damages, all of which are due to WSI's actions.  Accordingly, WSI is not entitled to summary judgment as to Count I of FEI's Amended Counterclaim.

> **D.     FEI Suffered Damages in the Form of Lost Profits and Liability to IIU for WSI's Failures and thus, FEI's Damages should not be Limited to its Lost Profits**

WSI seeks, in the alternative, and again without citation to any legal authority, to limit FEI's damages in Count I of its Amended Counterclaim to its lost profits.  However, this is not a proper basis for summary judgment.  *See Cormier v. D.C. Water & Sewer Auth.*, 959 A.2d 658, 667-68 (D.C. 2008) (a plaintiff making a sufficient showing with respect to the fact of damages forecloses the entry of summary judgment).

To survive a motion for summary judgment based on insufficient proof of damages, a plaintiff does not need to calculate or show the amount of damages.  *Id.* at 667.  A plaintiff only needs to demonstrate that damages exist and "are not entirely speculative."  *Id.* (quoting *Rafferty*

*v. NYNEX Corp.*, 744 F.Supp. 324, 331 n. 26 (D.D.C. 1990)).  Damages are speculative if the uncertainty concerns the fact of damages rather than the amount.  *Id.*  As long as the damages are not speculative, the party "will have an opportunity to present evidence as to the amount of damages at trial."  *Id.*  at 668.

As set forth above, FEI suffered damages in the form of its lost profits <u>and</u> its liability to IIU for which FEI and IIU have reached a settlement.  FEI has proffered evidence as to both of these issues.  FEI MF Nos. 11-13; *see also* FEI's Response No. 11 in its Supplemental Responses and Objections to WSI's First Set of Interrogatories.  These damages are not speculative.  FEI has come forward with sufficient evidence regarding its lost profits and its liability to IIU and the settlement of this liability.  FEI MF Nos. 11-13.  As such, FEI is entitled to present evidence of these damages at trial.

Questioning the amount of a party's damages is not a proper basis for summary judgment.  At a minimum, there is clearly a genuine issue of material fact regarding FEI's damages as a result of its liability to IIU.  Accordingly, WSI's request to limit FEI's damages to its lost profits should be denied.

**E.   WSI is not Entitled to Partial Summary Judgment Against FEI as a Result of Payments made by the Government to IIU**

WSI brazenly argues, without legal support, or even specifying the count that it is moving under, that it is entitled to partial summary judgment in the amount of $61,342.3 for the payment made by the Government to IIU <u>not WSI</u>, for materials and labor allegedly provided by WSI on the Project.  WSI is not entitled to summary judgment against FEI as a result of IIU's alleged actions and/or inactions.

WSI does not have a contract with IIU.  FEI MF No. 1.  IIU is not a party to this action.  FEI MF No. 14.  Although WSI originally named IIU a defendant, it dismissed IIU over 2 years

ago.  *Id.*  Even if WSI had not voluntarily dismissed IIU from this litigation, it is difficult to

imagine how WSI could have recovered from IIU for economic losses WSI suffered as a result of

actions and/or inactions of IIU – an entity with whom it has no contractual privity.  *See*

*Himmelstein v. Comcast of the Dist., L.L.C.*, 908 F.Supp.2d 49, 58 (D.D.C. 2012) (noting that the

economic loss rule bars a party from recovering for purely economic losses in tort).  If WSI

could not recover from IIU directly for its actions/inactions, it certainly follows that WSI cannot

recover from IIU indirectly through FEI.

Despite WSI's extensive recitation of facts involving IIU's alleged failings, IIU's actions

are irrelevant to the contract dispute between FEI and WSI.  IIU's actions, including its receipt of

an alleged payment from the Government, do not entitle WSI to partial summary judgment

against FEI.  Accordingly, WSI's Motion should be denied.

## V.        CONCLUSION

Accordingly, for the reasons set forth herein, WSI's Motion for Partial Summary

Judgment should be denied in its entirety.

February 10, 2014                                          Respectfully submitted,

                                                           FORNEY ENTERPRISES, INC.


                                                           /s/ Robert D. Windus
                                                           Robert D. Windus (Bar No. 436660)
                                                           Jason C. Constantine (Bar No. 989443)
                                                           MOORE & LEE, LLP
                                                           1751 Pinnacle Dr., Suite 1100
                                                           McLean, Virginia 22102-4225
                                                           (703) 506-2050 Telephone
                                                           (703) 506-2051 Facsimile
                                                           r.windus@mooreandlee.com
                                                           j.constantine@mooreandlee.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of February, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following:

Shawn C. Whittaker
WHITTAKER & ASSOCIATES, P.C.
1010 Rockville Pike, Suite 607
Rockville, MD 20852
*Counsel for Window Specialists, Inc.*


/s/ Robert D. Windus
Robert D. Windus